# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

EDWARD MACK,         )
#261986,            )
                         ) CIVIL ACTION NO. 9:10-763-TLW-BM
          Petitioner,  )
                         )
v.                      ) **REPORT AND RECOMMENDATION**
                         )
A.J. PADULA,        )
                         )
                         )
          Respondent.  )
_____)

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 23, 2010, Petitioner filed a motion to withdraw without prejudice. Based upon his motion, it appears that Petitioner is seeking dismissal of his federal habeas petition in order to pursue his state court remedies.

Prior to recommending dismissal of this action, without prejudice, the Court wishes to point out that a petition is subject to dismissal if Petitioner fails to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. This limitations period is part of the AEDPA,[1] and runs from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1]Antiterrorism and Effective Death Penalty Act of 1996.

1



(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

The Court is not aware and makes no representation as to how the state court will treat Petitioner's filing with respect to these claims which he intends to present to state court. However, if Petitioner's state court filing is found to be untimely, it will not toll the running of the federal limitations period because it will not be deemed to have been a "properly filed" petition. Cf. Pace v. DiGuglielmo, 544 U.S. 408, 413-416 (2005)[A state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)]; see also McMillian v. Carochi, 198 Fed.Appx. 766, 768 (10th Cir. 2006)["Successive state motions for postconviction relief toll 28 U.S.C. 2244(d)(2)'s one-year limitation period [only] as long as they were otherwise 'properly filed.'"]. Therefore, prior to the dismissal of this action, Petitioner should be mindful of the federal statute of limitations.

If, in response to this Report and Recommendation, Petitioner notifies the Court that he wishes to withdraw his motion to dismiss, then the Clerk is directed to vacate this motion as well as this Report and Recommendation, and return the file to undersigned. If, however, Petitioner files no such notice, it is recommended that Petitioner's request to dismiss this action, be **granted** without prejudice.



The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 27, 2010
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

4

